# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 18, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Charles E. Jacobs,**
**Petitioner Below, Petitioner**

**vs.) No. 20-0111** (Kanawha County 19-P-463)

**Shawn Straughn, Superintendent,**
**Northern Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION


Petitioner Charles E. Jacobs, self-represented litigant, appeals the January 28, 2020, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Shawn Straughn, Superintendent, Northern Correctional Center, by counsel Elizabeth Grant, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court failed to make findings of fact and conclusions of law sufficient to allow meaningful appellate review of the court's ruling. For this reason, this case is remanded to the circuit court for the entry of an order that includes sufficient findings.

The record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and consists only of the circuit court's January 28, 2020, order and excerpts from petitioner's plea hearing. From the appellate record, we glean the following: Petitioner pled guilty to two counts of second-degree robbery and two counts of conspiracy to commit second-degree robbery in exchange for the State's dismissal of the other counts of the indictment. Also, as a part of the parties' plea agreement, the State recommended that the circuit court sentence petitioner to an aggregate term of ten to thirty-six years of incarceration through a combination of concurrent

1

and consecutive sentences.[1]

On November 26, 2019, petitioner filed a petition for a writ of habeas corpus, alleging that the circuit court breached the plea agreement by imposing an aggregate sentence of twelve to forty-six years of incarceration and that the circuit court failed to credit him with 802 days for time served during the pendency of the underlying criminal case. By order entered on January 28, 2020, the circuit court denied the petition, ruling that:

> the [c]ourt, after giving due and mature consideration to said written petition, and after reviewing the official court file in said action, and in the underlying action, is of the opinion that a hearing is not necessary in order for the [c]ourt to make a decision in this matter and further finds that good cause or other justification does not exist to grant said request. Therefore, the [c]ourt is of the opinion and does hereby **ORDER** that [p]etitioner's "**WRIT OF HABEAS CORPUS**" be and the same is hereby **DENIED**.

Petitioner now appeals the circuit court's January 28, 2020, order. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standards:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review. Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997).[2]

---

[1]West Virginia Code § 61-2-12(b) provides that a person guilty of second-degree robbery "shall be confined in a correctional facility for not less than five years nor more than eighteen years." West Virginia Code § 61-10-31 provides that a person guilty of conspiracy to commit a felony "shall be punished by imprisonment in the penitentiary for not less than one nor more than five years[.]"

[2]West Virginia Code § 53-4A-7(c) provides:

> When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case, including, but not limited to,

(continued . . .)

Syl. Pts. 1 and 2, *Watts v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017) (Footnote added).

Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *White*, 215 W. Va. at 699, 601 S.E.2d at 19, syl. pt. 1 (quoting *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, syl. pt. 2).

On appeal, petitioner asks that the circuit court's decision be reversed and the case be remanded for a hearing and the appointment of counsel, or, in the alternative, that the case be remanded for the entry of an order that complies with West Virginia Code § 53-4A-7(c). Respondent argues that there is no basis upon which to reverse the circuit court's decision and remand this case for a hearing and the appointment of counsel when "[p]etitioner fails to provide the plea agreement, plea and sentencing order[s], or any complete transcripts of the plea and sentencing hearings" as part of his appendix.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim."

---

remand, the vacating or setting aside of the plea, conviction and sentence, rearraignment, retrial, custody, bail, discharge, correction of sentence and resentencing, or other matters which may be necessary and proper. In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided. Any order entered in accordance with the provisions of this section shall constitute a final judgment, and, unless reversed, shall be conclusive.

Here, petitioner submits excerpts from his plea hearing as part of his appendix, but without the complete transcript or the plea order, it is not possible to determine whether petitioner's plea agreement required the circuit court to sentence petitioner in accordance with the State's recommendation if it accepted petitioner's guilty pleas.[3] Similarly, without the sentencing and/or commitment order, there is no way of determining the number of days of credit the circuit court did or did not give petitioner for time served during the pendency of his criminal case. Therefore, we find that petitioner does not meet his burden of showing that the circuit court should be reversed and the case remanded for a hearing and appointment of counsel given petitioner's failure to provide an adequate appellate record.

Respondent concedes that a remand to the circuit court for the entry of an order that complies with West Virginia Code § 53-4A-7(c) would be appropriate. As respondent acknowledges, petitioner's claims would be viable grounds of habeas relief if the claims are supported by the terms of the plea agreement and the sentencing order.[4] The circuit court could have made findings as to whether the record supported petitioner's claims because the court stated that it had reviewed the court file from the underlying criminal action. The circuit court's failure to make such findings deprives this Court of the ability to meaningfully review the decision to deny petitioner's habeas petition. Therefore, we remand this case to the circuit court for the entry of an order with findings sufficient to allow meaningful appellate review of the court's ruling.

Remanded.

---

[3]In Syllabus Points 1, 2, and 3 of *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 404 S.E.2d 763 (1991), we held:

> Where the state agrees to make a sentencing recommendation and enters into a plea agreement with the defendant pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, the trial court is not bound to impose the sentence recommended by the state if it accepts the plea agreement.

> Where the state agrees that a specific sentence is a suitable disposition of a criminal case and enters into a plea agreement with the defendant pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, the trial court may either accept or reject the entire agreement, but it may not accept the guilty plea and impose a different sentence.

> If a plea is taken pursuant to a plea agreement and the state has agreed to a specific sentence in that agreement, yet if it is not clear whether the plea was taken under Rule 11(e)(1)(B) or 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, the trial judge may sentence the defendant without being bound by the sentencing provision in the plea agreement.

[4]With regard to petitioner's second claim, "a defendant is constitutionally entitled to credit for time served." *State v. Eilola*, 226 W. Va. 698, 707, 704 S.E.2d 698, 707 (2010) (citing Syl. Pt. 6, *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002)).

4

**ISSUED:** September 18, 2020


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison